# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKER FARMING COMPANY, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendants. | Case No. 1:24-cv-01120-SAB<br><br>ORDER STAYING CASE AND SETTING DEADLINE<br><br>**AUGUST 29, 2025 DEADLINE** |

Before the Court is the parties' stipulated motion to stay this case in light of a pending settlement agreement. The parties proffer that they have negotiated an agreement to resolve this case and that counsel for the United States has recommended this agreement to the final governmental decisionmaker. Once the agreement is approved, the parties state that they will file dispositional documents. The parties propose a date of December 12, 2025, to file dispositional documents or file a status report.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997), citing Landis v. North America Co., 299 U.S. 248, 254 (1936). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007). Instead, district courts should "balance the length of any stay against the strength of the

justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000) (discussing that if a stay is especially long or its term is indefinite, a greater showing is required to justify it).

Upon review of the motion and the file in this case, the Court agrees that a stay is warranted here because the only remaining issue is for a final governmental decisionmaker to approve the settlement. However, the Court will not approve an indefinite stay. Instead, the Court will require that the parties either file dispositional documents by the end of August, or a status report with an accompanying request, supported by good cause, to continue the stay is this case two weeks prior.

Therefore, IT IS HEREBY ORDERED that this matter is STAYED through August 29, 2025. IT IS FURTHER ORDERED that all deadlines are VACATED. The parties shall have through **August 29, 2025**, to file dispositional documents. However, if the parties will not be able to file dispositional documents by August 29, 2025, the parties shall file a status report with an accompanying request, supported by good cause, to continue the stay in this matter by **August 15, 2025**.

IT IS SO ORDERED.

Dated:   **May 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2