# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKER FARMING COMPANY, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01120-KES-SAB<br><br>ORDER CONTINUING STAY AND SETTING DEADLINE<br><br>(ECF No. 17) |

　　　　Before the Court is the parties' stipulated motion to continue the stay in this case until December 5, 2025 in light of a pending settlement agreement. The parties proffer they will endeavor to file dispositional documents by December 5, 2025; however, if they are not able to at that time, the parties propose filing a status report by November 21, 2025.

　　　　A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997), citing Landis v. North America Co., 299 U.S. 248, 254 (1936). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007). Instead, district courts should "balance the length of any stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000) (discussing that if a stay is especially long or its term is indefinite, a greater showing is required to justify it).

1       Upon review of the motion and the file in this case, the Court finds good cause exists to
2 continue the stay. Since the parties' initial request to stay this action on May 21, 2025, the final
3 governmental decisionmaker has approved the agreement to resolve this case. Accordingly, the
4 only remaining issue is execution of the terms of the settlement. The parties proffer the United
5 States has forwarded the terms of the approved agreement to the IRS. Pursuant to the approved
6 agreement, the IRS must make adjustments in their data system. After the IRS makes necessary
7 adjustments in their data system, the Parties will execute the remaining terms of the agreement
8 and file a dispositive pleading. (ECF No. 17 at 2.)

9       As the parties were previously advised, the Court will not approve an indefinite stay. The
10 Court will, as the parties' request, require that they either file dispositional documents by
11 December 5, 2025, or a status report with an accompanying request, supported by good cause, to
12 continue the stay no later than November 21, 2025.

13       Therefore, IT IS HEREBY ORDERED that this matter is STAYED through **December
14 5, 2025**. The parties shall have through **December 5, 2025**, to file dispositional documents.
15 However, if the parties will not be able to file dispositional documents by December 5, 2025, the
16 parties shall file a status report with an accompanying request, supported by good cause, to
17 continue the stay in this matter by **November 21, 2025**.

IT IS SO ORDERED.

Dated: **August 13, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2